FILED

MAR - 2 2011

PATRICK E. DUFFY, CLERK
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| SHAWN RYAN COWAN, | ) | Cause No. CV 11-37-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| ATTORNEY GENERAL STEVE | ) | |
| BULLOCK, | ) | |
| | ) | |
| Respondent. | ) | |

On February 28, 2011, Petitioner Shawn Cowan filed this action for a writ of habeas corpus under 28 U.S.C. § 2254. Cowan is a state prisoner proceeding pro se.

Cowan was convicted in Ravalli County in 2002 of aggravated kidnaping. He received a six-year deferred sentence. In 2008, again in Ravalli County, he was convicted of criminal possession of dangerous drugs and burglary. He received a sentence of ten years for both offenses, with all time suspended. Pet. (doc. 1) at 1 ¶¶ 1-5. It appears that, at some point, the aggravated kidnaping sentence was extended beyond its original six years. At any rate, Cowan is currently facing revocation of

1

one or more of those sentences. Id. at 5. He is represented by a public defender. Id. at 12 ¶ 13.

Cowan has filed this action prematurely. Before a federal court may entertain a state prisoner's petition for writ of habeas corpus, the prisoner must exhaust available state judicial remedies with respect to each claim he raises in federal court. 28 U.S.C. § 2254(b)(1)(A), (c); Rose v. Lundy, 455 U.S. 509, 522 (1982); see also Sarei v. Rio Tinto, PLC, 550 F.3d 822, 828-29 (9th Cir. 2008) (en banc) (describing all federal common-law exhaustion doctrines as originating in habeas corpus to prevent "unnecessary conflict between federal [courts] and state courts" or other tribunals) (quoting Ex parte Royall, 117 U.S. 241, 251 (1886) (internal brackets omitted)); Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) (imposing exhaustion requirement under 28 U.S.C. § 2241). In addition, under the rule of Younger v. Harris, 401 U.S. 37 (1971), "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." Id. at 45.

Instead, a person held in custody under the authority of a State must use the procedures the State makes available to challenge his custody. After Cowan has completed that process, including direct appeal to the Montana Supreme Court from any adverse final adverse decision by the trial court, then he may file in federal court. At this point, the petition should be dismissed without prejudice. Even if some of

2

Cowan's claims predate the revocation proceedings, there is no good cause to stay the case, Rhines v. Weber, 544 U.S. 269, 277-78 (2005), instead of dismissing the petition without prejudice. Dismissal at this time will not prejudice Cowan or materially alter his position, provided he follows the State's rules and procedures. Slack v. McDaniel, 529 U.S. 473, 485-86 (2000); 28 U.S.C. § 2244(d)(1)(A), (d)(2); Pet. at 1 ¶ 2(b). A certificate of appealability should be denied because reasonable jurists could not find grounds to doubt the procedural ruling. Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack, 529 U.S. at 484).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED without prejudice for failure to exhaust state remedies.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written

objections to this Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

DATED this 2nd day of March, 2011.

Jeremiah C. Lynch
United States Magistrate Judge